UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY WESS HENSON, | No. 2:15-cv-2273 TLN DB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STU SHERMAN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges a denial of resentencing by the California courts. He seeks federal habeas relief on the grounds that the denial of resentencing violated his rights to equal protection of the laws and his Sixth Amendment rights under Apprendi v. New Jersey, and was caused by a violation of his Sixth Amendment right to the effective assistance of counsel. Upon careful consideration of the record and the applicable law, the undersigned will recommend denial of petitioner's application for habeas corpus relief.

**BACKGROUND**

In 2005, petitioner plead no contest to one count of receiving stolen property, admitted twelve prior strike allegations, and received a stipulated 25-year-to-life sentence under California's "Three Strikes" law. The Three Strikes law provided that a defendant with two prior "strike" convictions for serious felonies was subject to an indeterminate term of life with a

1

minimum term of 25 years if convicted of a third felony offense. See People v. Conley, 63 Cal. 4th 646, 651 (2016).

In 2013, petitioner petitioned the Shasta County Superior Court for a recall of his sentence and for resentencing based on California's Three Strikes Reform Act of 2012 (the "Act"), Cal. Penal Code § 1170.126 (Proposition 36). (CT 6.[1]) The Act authorized certain prisoners serving indeterminate life terms to seek resentencing. A prisoner who was eligible for resentencing would not be entitled to it if a court determined that the prisoner "would pose an unreasonable risk of danger to public safety." Conley, 63 Cal. 4th at 651–52 (citing Cal. Penal Code § 1170.126(f)).

After petitioner filed for relief under the Act, the superior court appointed counsel for petitioner and heard argument. It denied petitioner's petition. (CT 74.) Petitioner appealed. In its unpublished memorandum and opinion affirming the denial of the petition, the California Court of Appeal for the Third Appellate District provided the following factual and procedural summary:

### A

#### Defendant's Juvenile History, Criminal History, And Prison Behavior

> In 1977, when defendant was 16, a juvenile court found that he committed an assault with a semiautomatic firearm and committed him to the California Youth Authority. In 1980, at age 20, he was convicted of receiving stolen property. In 1984, he was convicted again of receiving stolen property and sentenced to three years in state prison. In 1988, defendant was convicted of first degree residential burglary in Oregon. He was paroled in June 1990. In October 1991, defendant was convicted of 11 counts of first degree residential burglary and was sentenced to 16 years in prison. He was released in 2000. He then violated that parole in 2000, 2001, and 2002. In 2003, defendant committed the current strike, receiving stolen property. He pled no contest to that crime in 2005 and admitted 12 prior strikes, in exchange for a prison sentence of 25 years to life, dismissal of the "balance of the charges [which were six additional counts of first degree residential burglary, two counts of grand theft of a firearm, and one count of receiving stolen property] ... with a *Harvey* Waiver for restitution [in five of the

---

[1] On July 1, 2016, respondent lodged relevant portions of the state record here. (See ECF No. 16.) The court refers to documents from the record by their Lodged Document ("LD") number or by "CT" for the Clerk's Transcript (LD 1) or "RT" for the Reporter's Transcript (LD 2).

counts]." In each of the burglaries, defendant had forced entry into the homes and stolen multiple items.

Defendant has been incarcerated on this last conviction since 2003. While incarcerated in July 2011, defendant was found by a correctional officer on top of another inmate holding a horseshoe "over his head and appeared to be ready to strike [the other inmate] in the head." Defendant complied with the order of the correctional officer to "stop and get down." The other inmate had redness to his scalp, which the examining nurse believed was caused by being struck with the horseshoe and a laceration to his finger caused by being bitten during this incident. The other inmate also had abrasions on his facial area, forehead, back of his head, upper back, elbow, and knee. Defendant had abrasions to his facial area, both knees, one hand, and swelling on his forehead. According to a California Department of Corrections and Rehabilitation's rules violation report, defendant was found guilty of assault on an inmate with a deadly weapon.

Also while incarcerated on this last conviction in 2012, defendant participated in Alcoholics Anonymous and Narcotics Anonymous. While incarcerated in Oregon, he had taken an "anger management" class in winter 1989 and an "alcohol & other drug" class in spring 1989. According to defendant (from a statement he made in a probation report from 2005), defendant admitting to drinking alcohol and smoking marijuana "for as long as he can remember."

B

Defendant's Petitions And The People's Response

Defendant filed a pro. per. petition to recall his sentence under the Three Strikes Reform Act. When counsel was appointed for him, counsel filed a supplemental petition arguing that denial of the petition would be an abuse of the trial court's discretion, stressing that the statutory scheme requires the court to resentence defendant unless he poses an unreasonable risk of danger to public safety. The People filed a response conceding that defendant was eligible to have his sentence recalled but argued "defendant poses a completely unreasonable risk of danger to public safety."

C

The Hearing And The Trial Court's Ruling

The court held a hearing with the prosecutor and defense counsel, after defense counsel agreed with the court that defendant had waived his appearance. The court denied the petition because defendant had no life skills and had not participated in programs that would have given him usable life skills, he had been incarcerated most of his life, he had committed serious crimes, including breaking into people's houses which carried with it the potential of something serious happening, had stolen weapons in some of those houses, and had used a horseshoe as a weapon in

| | |
|---|---|
| 1 | 2011. |
| 2 | People v. Henson, No. C073987, 2014 WL 709981, at *1-2 (Cal. Ct. App. Feb. 25, 2014) |
| 3 | (footnote omitted). |

4  On appeal, petitioner argued that the trial court erred in finding that he had waived his personal appearance at the hearing on his petition and that the trial court abused its discretion in denying the petition. The Court of Appeal rejected petitioner's claims and affirmed the superior court's denial of the petition. Id. Petitioner filed a Petition for Review with the California Supreme Court. (LD 8.) The California Supreme Court summarily denied the petition on June 11, 2014. (LD 9.)

Petitioner then sought habeas relief in the state courts. He filed a petition for a writ of habeas corpus in the Shasta County Superior Court on November 3, 2014. (LD 10.) On April 18, 2016, the superior court issued a reasoned order denying the petition. (LD 11.) The superior court judge determined that petitioner was attempting to challenge the 2013 denial of his Petition for Recall of Sentence and Resentencing, not his original 2005 sentence. (Id. at 2.) The court listed petitioner's claims, based on the headings in the petition, as: (1) a violation of his equal protection rights; (2) a violation of his rights under Apprendi; (3) ineffective assistance of counsel; and (4) violation of due process when the trial court abused its discretion. (Id. at 1.)

However, the court narrowed its consideration to what appeared to be petitioner's primary argument – that the superior court used improper facts when it denied the Petition for Recall of Sentence and Resentencing. (Id. at 2.) The court then reviewed the evidence relied on by the judge to determine that "resentencing would pose an unreasonable risk of danger to public safety" under Cal. Penal Code § 1170.126(f). (Id.) The court found the prior court's denial of the Petition for Recall of Sentence and Resentencing was proper and denied the petition for writ of habeas corpus. (Id. at 3.)

Petitioner then filed petitions for writs of habeas corpus in the California Court of Appeal and the California Supreme Court. (LD 12, 14.) Those courts summarily denied the petitions. (LD 13; ECF No. 5 at 45.) Petitioner filed a petition for a writ of habeas corpus in this court on November 2, 2015 and an amended petition on November 9, 2015. (ECF Nos. 1, 5.) On June 8,

2016, respondent filed an answer to the amended petition. (ECF No. 15.) Petitioner did not file a traverse.[2]

**STANDARDS OF REVIEW APPLICABLE TO HABEAS CORPUS CLAIMS**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, 565 U.S. 34, 37 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "'may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably.'" Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

---

[2] On July 13, 2016, the court granted petitioner's request for an extension of time to file a traverse. (ECF No. 17.) On April 13, 2017, petitioner filed a request with the court asking whether his traverse had been filed. (ECF No. 20.) On April 17, 2017, the court provided petitioner a response that it had not received a traverse from him. (See ECF No. 20.) Petitioner has filed nothing herein since that time.

However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 567 U.S. 37 (2012)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct." Id. at 1451. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003) (quoting Williams, 529 U.S. at 405-06). "Under the 'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] [Supreme] Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.'" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413); Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 ("It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." (Internal citations and quotation marks omitted.)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in

existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

There are two ways a petitioner may satisfy subsection (d)(2). Hibbler v. Benedetti, 693 F.3d 1140, 1146 (9th Cir. 2012). He may show the state court's findings of fact "were not supported by substantial evidence in the state court record" or he may "challenge the fact-finding process itself on the ground it was deficient in some material way." Id. (citing Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004)); see also Hurles v. Ryan, 752 F.3d 768, 790-91 (9th Cir. 2014) (If a state court makes factual findings without an opportunity for the petitioner to present evidence, the fact-finding process may be deficient and the state court opinion may not be entitled to deference.). Under the "substantial evidence" test, the court asks whether "an appellate panel, applying the normal standards of appellate review," could reasonably conclude that the finding is supported by the record. Hibbler, 693 F.3d at 1146 (9th Cir. 2012).

The second test, whether the state court's fact-finding process is insufficient, requires the federal court to "be satisfied that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." Hibbler, 693 F.3d at 1146-47 (quoting Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004)). The state court's failure to hold an evidentiary hearing does not automatically render its fact-finding process unreasonable. Id. at 1147. Further, a state court may make factual findings without an evidentiary hearing if "the record conclusively establishes a fact or where petitioner's factual allegations are entirely without credibility." Perez v. Rosario, 459 F.3d 943, 951 (9th Cir. 2006) (citing Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003)).

If a petitioner overcomes one of the hurdles posed by section 2254(d), this court reviews the merits of the claim de novo. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised."). For the claims upon which petitioner seeks to present evidence, petitioner must meet the standards of 28 U.S.C. § 2254(e)(2) by showing that he has not "failed to develop the factual basis of [the] claim in State court proceedings" and by meeting the federal case law standards for the

presentation of evidence in a federal habeas proceeding.  See Cullen v. Pinholster, 563 U.S. 170, 186 (2011).

The court looks to the last reasoned state court decision as the basis for the state court judgment.  Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[I]f the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, [this court] may consider both decisions to 'fully ascertain the reasoning of the last decision.'"  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (quoting Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005)).  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  Richter, 562 U.S. at 99.  This presumption may be overcome by showing "there is reason to think some other explanation for the state court's decision is more likely."  Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits.  Johnson v. Williams, 568 U.S. 289, 292 (2013).

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012).  Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at 853 (citing Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000)).  This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court."  Richter, 562 U.S. at 102.  The petitioner bears "the burden to demonstrate that

'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

## PETITIONER'S CLAIMS

Petitioner contends: (1) under the Doctrine of Abatement and the Equal Protection Clause, he is entitled to be resentenced under the Act; (2) when it considered petitioner's petition for resentencing, the court breached petitioner's plea bargain and violated his Sixth Amendment rights under Apprendi by considering crimes outside the scope of the plea agreement; and (3) the attorney representing petitioner in his petition for resentencing was constitutionally ineffective by failing to object to evidence of prior crimes considered by the superior court. Respondent argues that none of petitioner's claims are cognizable under 28 U.S.C. § 2254 because they do nothing more than challenge the state court's application of state sentencing laws.

The Three Strikes Reform Act, is now codified as California Penal Code § 1170.126. It provides in relevant part:

> (e) An inmate is eligible for resentencing if:
>
> > (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.
> >
> > (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.
> >
> > (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

> (f) Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.
>
> (g) In exercising its discretion in subdivision (f), the court may consider:
>
>> (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;
>>
>> (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and
>>
>> (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety.
>
> (h) Under no circumstances may resentencing under this act result in the imposition of a term longer than the original sentence.
>
> (i) Notwithstanding subdivision (b) of Section 977, a defendant petitioning for resentencing may waive his or her appearance in court for the resentencing, provided that the accusatory pleading is not amended at the resentencing, and that no new trial or retrial of the individual will occur. The waiver shall be in writing and signed by the defendant.

Here, the superior court judge rejected petitioner's petition for resentencing because, as summarized by the Court of Appeal, "defendant had no life skills and had not participated in programs that would have given him usable life skills, he had been incarcerated most of his life, he had committed serious crimes, including breaking into people's houses which carried with it the potential of something serious happening, had stolen weapons in some of those houses, and had used a horseshoe as a weapon in 2011." Henson, 2014 WL 799981, at *2.

Petitioner's arguments are nothing more than attempts to challenge the state's application of its sentencing laws. "[F]ederal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). "The federal habeas statute unambiguously provides that a federal court may issue a writ

of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Swarthout, 562 U.S. at 219 (internal citations omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Wilson v. Corcoran, 562 U.S. 1, 5 (2010).

A challenge to the provisions of a state sentencing law does not generally state a claim cognizable in federal habeas proceedings. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). This court is bound by the state court's determination concerning the provisions of state law. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (quoting Estelle, 502 U.S. at 67-68 ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus")). On federal habeas corpus review, the question "is not whether the state sentencer committed state-law error," but whether the sentence imposed on the petitioner is "so arbitrary and capricious" as to constitute an independent due process violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992). And, this is the standard used to consider an error in sentencing. Petitioner's claim is one step removed. He alleges errors in resentencing. Challenges to the denial of resentencing under the Act do not implicate a federal constitutional right. Nelson v. Biter, 33 F. Supp. 3d 1173, 1178 (C.D. Cal. 2014). An examination of petitioner's claims does nothing to cause this court to reconsider the holding in Nelson.

In his first claim, petitioner appears to be misconstruing the Act as amending the punishment for a crime. (See ECF No. 5 at 23-24.) He relies on the Doctrine of Abatement which, he argues, applies to criminal statutes which reduce punishment. The Act did not reduce the punishment for petitioner's crimes. Rather, it permits judges to use discretion to order resentencing of prisoners sentenced to indeterminate sentences under the Three Strikes law. To the extent petitioner is asserting an equal protection claim, he does not explain the basis for that claim and this court can discern none. Petitioner has no constitutional grounds for his first claim.

In his second claim, based on Apprendi v. New Jersey, 530 U.S. 466 (2000), petitioner argues the trial court erred when it based its determination of dangerousness in part on the facts of crimes that petitioner had neither plead to nor been convicted of. (ECF No. 5 at 26-32.) Under Apprendi, a sentencing court's finding of priors based on the record of conviction implicates the

11

Sixth Amendment requirement that factual findings be made by a jury and found true beyond a reasonable doubt. 530 U.S. at 490.

However, unlike the increase in sentence considered by the Court in Apprendi, the Act is an ameliorative provision, and can only decrease a petitioner's sentence.[3] The United States Supreme Court has never held that Apprendi applies to proceedings to recall, reduce, or modify a lawfully imposed sentence. See Spells v. Kernan, No. 16-cv-102-BAS(WVG), 2016 WL 5937946, at *3 (S.D. Cal. Aug. 5, 2016), rep. and reco. adopted, 2016 WL 6092594 (S.D. Cal. Oct. 19, 2016). In fact, the United States Supreme Court rejected a similar argument regarding a federal resentencing statute in Dillon v. United States, 560 U.S. 817, 828 (2010). There, the Court held that the Sixth Amendment jury trial right does not apply to federal procedure for resentencing. A state Court of Appeal found the language in Dillon equally applicable to an Apprendi challenge to a court's finding of dangerousness under the Act. People v. Superior Court (Kaulick), 215 Cal. App. 4th 1279, 1303–05 (2013). This court agrees. Other federal courts to have considered the issue agree as well. See, e.g., Andrade v. Frauenheim, No. 1:16-cv-1701 DAD MJS (HC), 2016 WL 7210121, at *2 (E.D. Cal. Dec. 12, 2016), rep. and reco. adopted, No. 1:16-cv-1701 (E.D. Cal. Mar. 15, 2017); Olivarez v. Lizarraga, No. 1:14-cv-1354 LJO MJS (HC), 2015 WL 521431, at *2 (E.D. Cal. Feb. 9, 2015), rep. and reco. adopted, No. 1:14-cv-1354 (E.D. Cal. Mar. 26 ,2015).

To the extent petitioner is arguing in his second claim that the superior court relied on charges that were dismissed pursuant to the plea agreement, the California Court of Appeal addressed that issue on appeal. The court held that petitioner had waived the argument by failing to raise it at the hearing on his petition for resentencing. See Henson, 2014 WL 709981, at *5.

////

---

[3] Petitioner's reliance on Descamps v. United States, 570 U.S. 254 (2013) is misplaced for the same reason. In that case, the Court held that "[W]hen a defendant pleads guilty to a crime, he waives his right to a jury determination of only that offense's elements; whatever he says, or fails to say, about superfluous facts cannot license a later sentencing court to impose extra punishment." 570 U.S. at 270. Thus, as in Apprendi, the concern in Descamps was an increase in sentencing. As discussed in the text, petitioner did not face an increase in sentencing when he sought resentencing under the Act.

12

As a general rule, a federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state procedural rule that is independent of the federal question and adequate to support the judgment. Walker v. Martin, 562 U.S. 307, 314 (2011). California's rule requiring that a party make a contemporaneous objection to preserve an issue for appeal is such an adequate and independent state rule. Paulino v. Castro, 371 F.3d 1083, 1092–93 (9th Cir. 2004); Rich v. Calderon, 187 F.3d 1064, 1069–70 (9th Cir. 1999). This court may only consider this claim, then, if petitioner shows cause for the default and prejudice resulting therefrom. See Walker, 562 U.S. at 316. Because, as discussed below, petitioner makes no such showing, the argument is procedurally barred here.

Even if the court considers its merits, petitioner has not identified, and this court cannot find, any federal authority for the proposition that the superior court's consideration of facts underlying the plea agreement at a resentencing proceeding violates due process. See Stewart v. Perez, No. EDCV 15-245 GHK(KS), 2015 WL 9997217, at *8 (C.D. Cal. Dec. 10, 2015) ("[N]o Supreme Court precedent, or authority from the Ninth Circuit, has held that a California trial court cannot make its own factual determinations when refusing to grant a prisoner's petition for recall and re-sentencing under P.C. § 1170.126."), rep. and reco. adopted, 2016 WL 429778 (C.D. Cal. Feb. 2, 2016).

Even if this requirement existed at sentencing, a resentencing proceeding is a different sort of creature, as it is an act of lenity for an otherwise valid sentence. Cf. Dillon, 560 U.S. at 828 (federal procedure for resentencing "represents a congressional act of lenity" and Sixth Amendment jury trial right does not apply). Petitioner's second claim presents no federal basis for relief.

Finally, in his third claim, petitioner argues his attorney at the resentencing hearing was constitutionally ineffective. Petitioner's claim has no federal constitutional basis. A claim of ineffective assistance of counsel during a post-conviction collateral review proceeding is not grounds for relief under the federal habeas laws. 28 U.S.C. § 2254(i). To the extent petitioner is raising this issue to show cause for his procedural default of claim 2, he must show both that counsel acted unreasonably and that there is a reasonable probability that, but for counsel's

conduct, the result of the proceeding would have been different.  See Strickland v. Washington, 466 U.S. 668, 687-689 (1984).

Here, the statute permitted the superior court judge to consider "[a]ny other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." Cal. Penal Code § 1170.126(g)(3). Petitioner presents nothing to show that the superior court judge exceeded his statutory authority when he considered evidence underlying the plea agreement.  Moreover, as the court concludes above, consideration of that evidence violated no federal constitutional provisions.  Because any objection by counsel during the resentencing hearing would thus have been fruitless, petitioner cannot show he received ineffective assistance of counsel during that hearing.  Petitioner's ineffective assistance of counsel claim should be denied.

In conclusion, the court notes that other federal courts presented with similar challenges to a denial of resentencing under the Act have consistently held that those challenges are not cognizable federal habeas corpus.  See, e.g., Kimble v. Montgomery, No. 2:15-cv-2488-JKS, 2017 WL 4012318, at *4 (E.D. Cal. Sept. 12, 2017).  In fact, a judge of this court noted in 2017 that "[n]o federal court has found federal challenges to the Three Strikes Reform Act to be cognizable in federal habeas." Perales v. Lizarraga, No. 2:17-cv-0662 KJN P, 2017 WL 2179453, at *3 (E.D. Cal. May 17, 2017) (collecting cases); see also Tuggle v. Perez, No. 2:14-cv-1680 KJM CKD P, 2016 WL 1377790, at *7 (E.D. Cal. Apr. 7, 2016) (same), rep. and reco. adopted, No. 2:14-cv-1680 (E.D. Cal. June 3, 2016).

For the reasons set forth above, IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties

are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. <u>See</u> Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: June 8, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/hens2273.fr